# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br> *Plaintiff,* <br><br> v. <br><br> MICHAEL NEMETH <br> *Defendant.* | Civil Case No. 1:20-cv-00960-CMH-IDD |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7(F), Defendant, Michael Nemeth ("Defendant"), respectfully submits this Memorandum in Support of Defendant's Rule 12(b)(6) Motion to Dismiss.

## BACKGROUND

In order to obtain expedited discovery, Plaintiff submitted an affidavit to the Court from Patrick Paige ("Mr. Paige"), "a Managing Member at Computer Forensics, LLC, a Florida based expert computer forensics company." Decl. of Patrick Page in Support of Pl.'s Mot. for Leave to Serve Third Party Subpoena, ¶ 3, Sept. 8, 2020. According to this affidavit, Mr. Paige received a packet capture ("PCAP") "from Strike 3 containing information relating to a transaction initiated on 07/16/2020 05:38:26 UTC involving IP address 70.110.22.197." *Id.* at ¶ 16. "A PCAP is a computer file containing captured or recorded data transmitted between network devices." *Id.* at ¶ 14.

After reviewing the PCAP, Mr. Paige determined that "the PCAP is evidence of a recorded transaction" involving IP address 70.110.22.197 on July 16, 2020, that included Work number 1 in Exhibit A of Plaintiff's Complaint. *Id.* at ¶¶ 18, 26. Mr. Paige makes no mention in

his affidavit of any transactions associated with this IP address on any date other than July 16, 2020, nor does he mention any transactions related to any works mentioned in Plaintiff's Complaint other than Work number 1.

After expedited discovery was granted, Plaintiff subpoenaed Defendant's personal identification information from Defendant's internet service provider ("ISP"), Verizon Wireless ("Verizon"). Pl.'s Verizon Subpoena, Sept. 16, 2020. Plaintiff requested from Verizon the personal identification information for the subscriber to IP address 70.110.22.197. *Id.* Plaintiff requested the personal identification information for the subscriber to this IP address on one date—July 16, 2020. *Id.* Verizon provided this information to Plaintiff, and Plaintiff proceeded with its Amended Complaint.

Without conceding the allegations of the Amended Complaint, but taking its factual allegations as true for purposes of this Motion, Plaintiff alleges that "Defendant has been recorded infringing 32 movies over" an approximately seven-month period using the BitTorrent protocol. Pl.'s Am. Compl., ¶ 4, Exhibit A, Feb. 25, 2021. "BitTorrent is a system designed to quickly distribute large files over the internet[.]" *Id.* at ¶ 17. "BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users." *Id.*

Plaintiff's infringement detection system, VXN Scan, "established direct TCP/IP connections with Defendant's IP address," and "captured transactions from Defendant sharing specific pieces of 32 digital media files that [were] determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns." *Id.* at ¶¶ 27-29, 37. Plaintiff further alleges that "Defendant's infringement was continuous and ongoing." *Id.* at ¶ 44.

The IP address associated with the alleged infringements "was assigned to Defendant at [2860 S Buchanan St Apt A1, Arlington, VA 22206] . . . during at least one date of infringement." *Id.* at ¶¶ 12, 48. Plaintiff alleges that Defendant lived at this residence "during the period of infringement," that "[d]iscovery will likely show that Defendant" is the infringer, and that "Plaintiff's investigation has determined that Defendant is the person who used [the infringing IP address]." *Id.* at ¶¶ 47-49. Plaintiff further alleges that "Plaintiff identified Defendant as the true infringer" through "publicly available resources." *Id.* at ¶ 6.

Plaintiff relies on the following "evidence" in coming to the conclusion that Defendant was the alleged infringer: (1) Defendant was the subscriber to the IP address associated with one alleged infringement that occurred on July 16, 2020; (2) an unidentified social media page of Defendant's allegedly establishes Defendant is interested in "Modern Family" and "Pirates of the Caribbean;" (3) Defendant has obtained professional certifications related to cybersecurity; and (4) Plaintiff "logged BitTorrent activity emanating from IP address 70.110.22.197" on an unspecified date involving one episode of Modern family, one Pirates of the Caribbean film, and various cybersecurity, business, and other technology courses. *Id.* at ¶¶ 5-6, 47-54.

## STANDARD OF REVIEW

"[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009)). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts[.]" *Id.* (citing *Iqbal*, 129 S.Ct. at 1949).

"[U]nwarranted inferences, unreasonable conclusions, or arguments" also fail to

constitute well-pled facts. *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n. 26 (4th Cir.2009); citing *Iqbal*, 129 S.Ct. at 1951-52). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *Werner v. BN Media, LLC*, 477 F.Supp.3d 452 (E.D. Va. 2020) (quoting *United States ex. Rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir.2013)).

"Ultimately, a complaint must contain 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Nemet Chevrolet*, 591 F.3d at 255 (quoting *Iqbal*, 129 S.Ct. at 1949). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 256 (internal citations omitted). "In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1937, 1952 (2007)).

"Satisfying this 'context-specific' test does not require 'detailed factual allegations.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "The complaint must, however, plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "Without such 'heft,' the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are 'merely consistent with a defendant's liability' fail to nudge claims 'across the line from conceivable to plausible.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951).

4845-9755-1071, v. 1

**ARGUMENT**

Plaintiff's Amended Complaint fails to state a claim because Plaintiff fails to adequately identify Defendant as the alleged infringer. First, the link between an IP address associated with infringement and an IP address subscriber as the infringing individual is speculative at best. Second, Plaintiff only identified Defendant as the subscriber to the IP address *on one date of alleged infringement*—July 16, 2020—despite alleging *32 infringements* occurred over the course of over seven months. Lastly, Plaintiff fails to provide any factual enhancement for its "additional evidence" regarding BitTorrent activity associated with Defendant's alleged interests and professional certifications; there are no sources for or identities of individuals who gathered this information, and no dates for when this activity occurred that might correspond with the dates of the alleged infringements. For these reasons, this Court should dismiss Plaintiff's Amended Complaint.

**I.     The fact that an individual subscribes to an IP address associated with allegedly infringing activity does not establish a plausible claim that the subscriber is the infringing individual.**

"[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts[.]" *Nemet Chevrolet*, 591 F.3d at 255. "[U]nwarranted inferences, unreasonable conclusions, or arguments" also fail to constitute well-pled facts. *Id.* In this case, Plaintiff infers that because Defendant was the subscriber to the allegedly infringing IP address on one date of infringement—July 16, 2020—Defendant is therefore the infringing individual. Such an inference is unwarranted.

District courts across the country are split on the issue of whether a defendant's subscription to an IP address is sufficient to state a claim for copyright infringement against a subscriber-defendant. *See PTG Nevada, LLC v. Chan*, 2017 WL 168188 1, 2 (N.D. Ill. 2017)

(comparing *Countryman Nevada, LLC v. Pitts*, WL7178077, at 2 (M.D. Fla. 2014) (IP address was sufficient to state a claim), with *Elf-Man, LLC v. Cariveau*, 2014 WL 202096, at 2 (W.D. Wash. 2014) (direct infringement claim dismissed because IP address was not sufficient to state a claim against subscriber-defendant)). The Ninth Circuit has concluded that an IP address is not sufficient to state a claim against a subscriber-defendant for direct infringement, however no other circuits have addressed this issue. *See Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018). This Court should take the position of numerous district courts across the country and the Ninth Circuit that an IP address is not sufficient to state a claim for direct infringement against a subscriber-defendant.

*PTG Nevada* was a similar BitTorrent case where the plaintiff, the owner of a motion picture, identified the defendant as the alleged infringer by defendant's IP address. *PGT Nevada, LLC v. Chan*, 2017 WL168188 1 (N.D. Ill. 2017). The defendant filed a Motion to Dismiss, arguing that an IP address is insufficient to state a claim against a subscriber-defendant. *Id*. Acknowledging the split among district courts across the country, the Court stated that it "agrees with those courts that have found that the plaintiff needs to allege more than just the registration of an IP address to an individual in order to proceed against that individual for copyright infringement." *Id*. at 2. In coming to this conclusion, the court relied on the *Cobbler Nevada* district court's dismissal of the plaintiff's complaint, which would later be upheld by the Ninth Circuit. *PTG Nevada* at 2; *Cobbler Nevada,* 901 F.3d 1142.

The Ninth Circuit in *Cobbler Nevada* squarely addressed this issue, concluding that "a bare allegation that a defendant is the registered subscriber on an Internet Protocol ("IP") address associated with infringing activity" is not sufficient to state a claim for direct infringement

against a subscriber-defendant. *Cobbler Nevada*, 901 F.3d at 1144. The Court's reasoning was as follows:

> Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer . . . . Although copyright owners can often trace infringement of copyrighted material to an IP address, it is not always easy to pinpoint the particular individual or device engaged in the infringement. Internet providers . . . can go so far as to identify the individual who is registered to a particular IP address and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address. Identifying an infringer becomes even more difficult in instances like this one, where numerous people live in and visit a facility that uses the same internet service. While we realize this obstacle to naming the correct defendant, this complication does not change the plaintiff's burden to plead factual allegations that create a reasonable inference that the defendant is the infringer . . . . This is a situation '[w]here a complaint pleads facts that are merely consistent with a defendant's liability, … stop[ping] short of the line between possibility and plausibility of entitlement to relief.' The allegations are not 'enough to raise a right to relief about a speculative level.'

*Id.* at 1144, 1146-47 (quoting *Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In its attempt to identify Defendant as the alleged infringer, Plaintiff relies primarily on the fact that Defendant was the subscriber to the IP address at issue on July 16, 2020. Even if Plaintiff had properly alleged that Defendant was the subscriber to the IP address during the entire seven-month period of infringement, Plaintiff would still fail to state a plausible claim that Defendant himself was the infringing individual. For these reasons, this Court should dismiss Plaintiff's Amended Complaint.

**II.   Plaintiff only identifies Defendant as the subscriber to the IP address for one date of infringement, despite alleging Defendant committed 32 infringements over a period of over seven months**.

"[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts[.]" *Nemet Chevrolet*, 591 F.3d at 255.

"[U]nwarranted inferences, unreasonable conclusions, or arguments" also fail to constitute well-pled facts. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. 1955, 1959. Here, Plaintiff's assertion that Defendant infringed 32 of Plaintiff's copyrighted works, despite only identifying Defendant as the IP subscriber on July 16, 2020, amounts to nothing more than speculation.

Plaintiff alleges that "Defendant has been recorded infringing 32 movies over an extended period of time." Setting aside for a moment that this is a legal conclusion, Plaintiff fails to provide any factual enhancement for this allegation. This is because Plaintiff inexplicably subpoenaed Verizon for the identity and address of the subscriber *on only one date of alleged infringement*—July 16, 2020. Likewise, the PCAP that Plaintiff sent to its computer forensics expert only involved a BitTorrent transaction on July 16, 2020. Mr. Paige makes no mention of any other dates for which he inspected the allegedly infringing BitTorrent activity.

Plaintiff's lack of a factual basis for its allegation that Defendant committed 32 infringements is further evidenced by the inconsistent language in Plaintiff's Amended Complaint. First, Plaintiff alleges that Defendant shared "specific pieces of 32 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns," and that "Defendant's infringement was continuous and ongoing." Notably, Plaintiff alleges Defendant shared pieces of 32 "work(s)" rather than "works"—because Plaintiff has no facts that would support that Defendant was the IP subscriber on any date other than July 16, 2020, when one infringement allegedly occurred.

Next, Plaintiff states that "[d]iscovery will likely show that Defendant is the individual who infringed Plaintiff's copyrighted works." The key words here are "discovery will likely show"—Plaintiff implicitly admits in its Amended Complaint that it does not know whether

8

Defendant is the infringing individual. Paragraph 47 then conclusively avers, contrary to its statement that "[d]iscovery will likely show" that Defendant is the infringer, that "Plaintiff's investigation has determined that Defendant is the person who used this IP address to infringe its copyrighted works."

Paragraphs 48 and 49 then state that the infringing IP address "was assigned to Defendant at [2860 S Buchanan St Apt A1, Arlington, VA 22206] . . . during at least one date of infringement[,]" and that Defendant lived at this residence "during the period of infringement." This vague language ("at least one" infringement; "during the period" of infringement) further illustrates that Plaintiff has no facts to support that Defendant was the subscriber to the IP address on any date other than July 16, 2020. Moreover, Plaintiff has not alleged any facts to support that Defendant lived at the address in question on any dates of infringement other than July 16, 2020.

Absent any factual support that Defendant was the subscriber to the IP address and lived at the residence in question on any date other than July 16, 2020, Plaintiff's unequivocal averments that Defendant committed 32 infringements are nothing more than bare assertions and conclusory statements. Accordingly, Plaintiff's "additional evidence" fails "to raise a right to relief above a speculative level." *See Twombly*, 550 U.S. 544 (2007).

Plaintiff also fails to mention in its Amended Complaint that IP addresses are often dynamic, rather than static. Because dynamic IP addresses are constantly changing, Plaintiff has no idea whether Defendant was the subscriber to the IP address at issue on any date other than that requested in its subpoena to Verizon—July 16, 2020. Judge Joel Schneider, United States Magistrate Judge for the District of New Jersey, noted similar concerns regarding this issue in his order denying Strike 3's request for expedited discovery in a virtually identical BitTorrent case:

> *Despite its admitted lack of knowledge of who downloaded its works, whether the subscriber lives at the identified address, and who lives at the address, Strike 3's complaints unequivocally aver in conclusory fashion that the listed subscriber to the identified IP address directly infringed its copyrights . . . . Strike 3 makes these unequivocal averments even though it recognizes the subscriber may not have downloaded its works . . . . Strike 3's subpoenas only seek to identify the infringer of one of its works.* There is no 'particular rhyme or reason' to the one listed infringement date listed in Strike 3's subpoenas except Strike 3 always 'choose[s] the first one that's been expedited with the copyright office, has a registration, and is within the ISP's data retention.' *The problem with Strike 3's subpoenas is that Strike 3 does not reveal that the subscriber identified by its subpoenas may not be the subscriber when its work was infringed . . .* [S]trike 3 alleges 31 works were infringed from December 3, 2017 to August 16, 2018. Strike 3's November 13, 2018 subpoena only asks for the name of the IP subscriber on July 27, 2018. *In its motions Strike 3 does not mention that due to dynamic IP addresses the name of the subscriber identified by Strike 3's November 13, 2018 subpoena may not be the person who subscribed to the same address on July 27, 2018. This information is not revealed by Strike 3 even though Strike 3 recognizes there are a limited number of IP addresses, the addresses are dynamic, and they therefore change.* Strike 3 knows that at different times different people can have the same IP address. This fact is recognized by numerous courts.

*Strike 3 Holdings, LLC v. Doe*, 2019 WL 5446239 1, 4, 11 (2019) (emphasis added).

Although his denial of Strike 3's request for expedited discovery was overturned, Judge Schneider's concerns are well-founded. *See Call of the Wild Movie, LLC v. Does 1-1, 062*, 770 F.Supp.2d 332, 356 (D.D.C. 2011) ("[F]or dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time. Associating a dynamic IP address with a particular customer at a given moment makes the task of 'discovering the identity of a particular infringer more difficult.'") (internal citations omitted); *Klimas v. Comcast Cable Communications, Inc.*, 465 F.3d 271, 275 (6th Cir.2006) ("[D]ynamic IP addresses constantly change and unless an IP address is correlated to some other information, such as Comcast's log of IP addresses assigned to its subscribers . . ., it does not identify any single subscriber by itself."); *see also Strike 3 Holdings, LLC v. Doe*, 2020 WL 531996 1, fn. 5 (W.D. Wash. 2020) ("[D]ynamic IP addresses might be reassigned to many different individuals during a short timeframe, and these frequent changes create a significant chance of misidentification."). While

Plaintiff's lack of factual support for its direct infringement claim may have been excusable prior to expedited discovery, Plaintiff can hardly say the same at the Amended Complaint stage.

Assuming, *arguendo*, Defendant was the subscriber to this IP address on July 16, 2020, Plaintiff still fails to plausibly allege that Defendant was the infringing individual on that date, let alone *32 infringements over the course of over 7 months*. In the absence of any further factual enhancement that Defendant was the subscriber to the IP address on any date of infringement other than July 16, 2020, Plaintiff's Amended Complaint fails to state a claim. For these reasons, this Court should dismiss Plaintiff's Amended Complaint.

### III. Plaintiff fails to provide any factual enhancement for its "additional evidence."

"[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts[.]" *Nemet Chevrolet*, 591 F.3d at 255. "[U]nwarranted inferences, unreasonable conclusions, or arguments" also fail to constitute well-pled facts. *Id.* "[F]acts that are 'merely consistent with a defendant's liability' fail to nudge claims 'across the line from conceivable to plausible.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. 1955, 1959. Because Plaintiff's "additional evidence" is "devoid of any further factual enhancement," this Court should dismiss Plaintiff's Amended Complaint. *See Nemet Chevrolet*, 591 F.3d at 255.

In order to meet the 9th Circuit's *Cobbler Nevada* standard, Plaintiff now includes in its form complaints what it refers to as "additional evidence." Essentially, Plaintiff scours the internet for anything it can find in order to reverse engineer an Amended Complaint against a Defendant whose personal identification information has recently become available to Plaintiff.

In this case, Plaintiff relies on the following "additional evidence" from "publicly available resources" in naming Defendant as the alleged infringer: (1) Defendant was the subscriber to the IP address associated with one alleged infringement that occurred on July 16, 2020; (2) an unidentified social media page of Defendant's allegedly establishes Defendant is interested in Modern Family and Pirates of the Caribbean; (3) Defendant has obtained professional certifications related to cybersecurity; and (4) Plaintiff "logged BitTorrent activity emanating from IP address 70.110.22.197," on an unspecified date, involving one episode of Modern family, one Pirates of the Caribbean film, and various cybersecurity, business, and other technology courses.

Plaintiff fails to provide any explanation for how it gathered this "additional evidence," and does not include any exhibits or attachments to its Amended Complaint to support these allegations. Plaintiff also fails to identify the social media page where Defendant listed Modern Family and Pirates of the Caribbean as interests. Such a statement, absent any context or background, is a "bare assertion[] devoid of further factual enhancement." *See Nemet Chevrolet*, 591 F.3d at 255.

Plaintiff's statement that Defendant "recently obtained" cybersecurity certifications is also a bare assertion unsubstantiated by any facts included in the complaint. Plaintiff fails to identify the specific cybersecurity certifications that Defendant allegedly obtained, dates for when these certificates were obtained despite Plaintiff's assertion they were obtained "recently," or from which organization Defendant obtained these certifications. Because Plaintiff has not identified when, where, and how it gathered this "additional evidence," and by whom it was gathered, this "additional evidence" amounts to nothing more than bare assertions and speculation.

Plaintiff also fails to provide any factual enhancement or support for how it "logged BitTorrent activity" involving Modern Family, Pirates of the Caribbean, or cybersecurity and other business courses from Defendant's IP address. Notably, Plaintiff does not provide any dates for when this alleged activity occurred. There is nothing in Plaintiff's Amended Complaint that suggests that any of this activity occurred during the same time period as the alleged infringements, and nothing to suggest that this activity occurred on July 16, 2020—the only date that Plaintiff has identified Defendant as the subscriber to the IP address at issue. Moreover, Plaintiff does not provide the identity of any individual who witnessed, observed, or conducted the logging of this "additional evidence."

If this "additional evidence" exists, and Plaintiff obtained this evidence through "publicly available resources," there is no excuse for Plaintiff's failure to include factual enhancement for these allegations. Unsupported by any facts in the Amended Complaint, this "additional evidence" fails "to raise a right to relief above a speculative level." *See Twombly*, 550 U.S. 544 (2007). For these reasons, this Court should dismiss Plaintiff's Amended Complaint.

## CONCLUSION

Plaintiff fails to state a claim because (1) the link between an IP address and Defendant as the infringing individual is speculative at best; (2) Plaintiff fails to identify Defendant as the subscriber to the allegedly infringing address on any date other than July 16, 2020, despite alleging 32 infringements occurred over seven months; and (3) Plaintiff's "additional evidence" is unsupported by even the most basic factual details. Because these allegations are bare assertions without any further factual enhancement, Plaintiff fails to raise a right to relief beyond a speculative level. For these reasons, this Court should dismiss Plaintiff's Amended Complaint.

4845-9755-1071, v. 1

Dated: April 23, 2021

Respectfully Submitted,

Michael Nemeth
*By Counsel*

/s/Alexander P. Faig
Alexander P. Faig
Virginia Bar No. 96248
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, VA 22314
afaig@scmoorelaw.com
Phone: 703-535-7809
Fax: 571-223-5234
*Counsel for Michael Nemeth*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Dawn M. Sciarrino
The James Law Firm PLLC
445 Hamilton Ave
Suite 1102
White Plains, NY 10601
Tel: 202-256-9551
Fax: 202-217-3929
dsciarrino@jmjameslaw.com
*Counsel for Plaintiff*
*Strike 3 Holdings, LLC*

/s/Alexander P. Faig
Alexander P. Faig
Virginia Bar No. 96248
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, VA 22314
afaig@scmoorelaw.com
Phone: 703-535-7809
Fax: 571-223-5234
*Counsel for Michael Nemeth*

4845-9755-1071, v. 1